**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| PAUL BENSON and KRISTY BENSON, | : | |
| | : | |
| Plaintiffs, | : | Case No. 2:24-cv-03467 |
| | : | |
| v. | : | |
| | : | |
| AMERIHOME MORTGAGE COMPANY, LLC, | : | |
| CENLAR FSB, KATHY AMATO, MERSCORP, | : | |
| ALLIED MORTGAGE GROUP, FEDERAL | : | |
| HOME LOAN MORTGAGE CORP., and WELLS | : | |
| FARGO BANK, N.A., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CENLAR FSB'S
MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(6)**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      INTRODUCTION .................................................................................................1

II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY .......................2

III.    ARGUMENT .......................................................................................................3

     A.      Standard of Review..................................................................................3

     B.      Plaintiffs' "general allegations" fail to state a claim. ..............................4

          1.      Plaintiffs fail to state a claim for civil conspiracy. .......................4

          2.      Plaintiffs fail to state a claim for fraud. .......................................5

          3.      Plaintiffs fail to state a claim for negligence. ...............................6

          4.      Plaintiffs fail to state a claim for breach of fiduciary duty. .............7

          5.      There is no private cause of action under the MLA........................8

     C.      Plaintiffs fail to state a claim under RESPA. .........................................8

     D.      Plaintiffs' claim for declaratory judgment and specific performance fails.............9

     E.      Plaintiffs should not be granted leave to amend because amendment would
        be futile. ..................................................................................................9

IV.     CONCLUSION...................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Wells Fargo Bank, N.A.*,
    No. 16-0907, 2017 WL 6619015 (E.D. Pa. Dec. 17, 2017)......................................................6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).................................................................................................................3

*Baker v. Family Credit Counseling Corp.*,
    440 F.Supp.2d 392 (E.D. Pa. 2006)........................................................................................7

*Caplen v. Sec. Nat'l Servicing Corp.*,
    514 F.Supp.2d 746 (E.D. Pa. 2007)........................................................................................7

*Commonwealth v. TAP Pharma. Prods., Inc.*,
    36 A.3d 1112 (Pa. Commw. Ct. 2011) ...................................................................................4

*Conquet v. WMC Mortgage Corp.*,
    247 F.Supp.3d 618 (2017) ...................................................................................................7, 9

*Dinger v. Allfirst Fin., Inc.*,
    82 Fed.Appx. 261 (3d Cir. 2003)............................................................................................7

*Galvin v. EMC Mortg. Corp.*,
    50 F. Supp. 3d 70 (D.N.H. 2014)............................................................................................3

*Guzman v. Nationstar Mortg. LLC*,
    No. 18CV2531-WQH-RBB, 2019 WL 2436456 (S.D. Cal. June 11, 2019) ...........................9

*Hollis-Arrington v. PHH Mortg. Corp.*,
    205 Fed. App'x 48 (3d. Cir. 2006).......................................................................................10

*Jobe v. Argent Mortg. Co., LLC*,
    373 F. App'x 260 (3d Cir. 2010) ............................................................................................9

*Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.*,
    20 F.3d 1250 (3d Cir. 1994)....................................................................................................3

*U.S. ex rel. Lacorte v. SmithKline Beecham Clinical Laboratories, Inc.*,
    149 F.3d 227 (3d Cir. 1998)....................................................................................................5

*Maiden Creek Assocs., L.P. v. U.S. Dep't of Transp.*,
    823 F.3d 184 (3d Cir. 2016)....................................................................................................9

*Mala v. Crown Bay Marina, Inc.*,
    704 F.3d 239 (3d Cir. 2013)..................................................................................4

*MERSCORP, Inc. v. Delaware County*,
    207 A.3d 855 (Pa. 2019) ..................................................................................2, 5

*Montgomery County, Pa. v. MERSCORP, Inc.*,
    795 F.3d 372 (3d. Cir. 2015)..............................................................................5

*Morse v. Lower Merion Sch. Dist.*,
    132 F.3d 902 (3d Cir. 1997)...............................................................................3

*Phillips v. County of Allegheny*,
    515 F.3d 224 (3d Cir. 2008)...............................................................................4

*Santana Products, Inc. v. Bobrick Washroom Equip, Inc.*,
    401 F.3d 123 (3d Cir. 2005)...............................................................................5

*Schnell v. Bank of New York Mellon*,
    828 F.Supp.2d 798 (E.D. Pa. 2011) ...................................................................7

*Siwoniku v. Fed. Nat'l Mortg. Ass'n*,
    No. CV 17-3949, 2019 WL 4261155 (E.D. Pa. Sept. 6, 2019) ..........................6

*Ward v. Branch Banking & Tr. Co.*,
    No. CV ELH-13-1968, 2016 WL 2930907 (D. Md. May 17, 2016) ....................2

*Wotanis v. PNC Bank, N.A.*,
    No. 3:19-CV-00588, 2019 WL 4054880 (M.D. Pa. Aug. 28, 2019) ...................8

*Yoder v. Wells Fargo Bank, N.A.*,
    566 F. App'x 138 (3d Cir. 2014)........................................................................8

**Statutes**

7 P.S. § 6116..........................................................................................................8

Pennsylvania's Mortgage Licensing Act, 7 Pa.C.S.A. § 6101, *et seq.* ...................1, 4, 8

Real Estate Settlement Procedures Act....................................................................1, 8, 9

**Other Authorities**

12 CFR Part 1024....................................................................................................8

Fed. R. Civ. P. 8(a)(2)..............................................................................................3

Fed. R. Civ. P. 12(b)(6)...........................................................................................1, 3

Pa. R. Civ. P. 1061(b)(3)...............................................................................................9

Fed. R. Civ. P. 9(b) ....................................................................................................1, 5

Defendant Cenlar FSB ("Cenlar") hereby submits this memorandum of law in support of its motion to dismiss the Amended Complaint of Plaintiffs Paul Benson and Kristy Benson ("Plaintiffs") pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim.

## I.   <u>INTRODUCTION</u>

Plaintiffs, appearing *pro se*, brought this action seeking to quiet title to an investment property. They bring claims against the originating lender, the owner, servicer, subservicer, and Mortgage Electronic Registration Systems, Inc. ("MERS"). In their Amended Complaint, Plaintiffs first complain that the "Defendants" defrauded them through use of the MERS database to register and transfer mortgages. As a result, Plaintiffs bring claims under the heading of "general allegations" for purported civil conspiracy, fraud by concealment, negligence, and breach of fiduciary duty under Pennsylvania's Mortgage Licensing Act, 7 Pa.C.S.A. § 6101, *et seq.* ("MLA"). Plaintiffs also bring a claim against Cenlar for alleged violation of the Real Estate Settlement Procedures Act ("RESPA").

Plaintiffs fail to state viable claims for relief against Cenlar. First, while Plaintiffs assert claims for civil conspiracy, fraud and negligence, they do so only in conclusory terms and fail to address the required elements of each claim. Further, Plaintiffs fail to plead the fraud claim with specificity as required by Rule 9(b). Plaintiffs also fail to explain the existence of a fiduciary relationship between the parties, or why a breach of any such fiduciary duty would be a violation under the MLA. Nor is there a private cause of action under the MLA Finally, Plaintiffs fail to identify which provision of RESPA that Cenlar allegedly violated or any resulting damages. For these reasons, the Court should dismiss the Amended Complaint with prejudice as to Cenlar.

## II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On January 6, 2018, Plaintiffs purchased property located at 1233 Wharton Street, Philadelphia, PA 19147 (the "Property") as an investment.[1] *See* Amended Complaint ("Am. Compl."), ¶ 9. Plaintiffs obtained a commercial loan to finance the purchase of the Property. *Id.*, ¶ 12. On or about February 22, 2019, Plaintiffs refinanced the commercial loan with Defendant Allied Mortgage Group, Inc. ("Allied") obtaining a $336,000 mortgage loan ("Loan"). *Id.*, ¶¶ 16 and 17, and Exhibit F, Note and Mortgage. Plaintiffs allege that Allied delayed paying off the servicer of their original mortgage loan, Mr. Cooper, for two weeks later. *Id.*, ¶ 21. Plaintiffs appear to claim this is because there was no actual funding of the loan at that time, but rather Allied registered the Mortgage with the MERS platform for the purposes of securing funding. [2] *Id.*, ¶¶ 24 and 27-28. Plaintiffs also complain that the servicer of their original mortgage, Mr. Cooper, did not account for all of their escrow account surplus. *Id.*, ¶ 22.

The Loan was registered on the MERS platform. *Id.*, ¶ 24, Exhibit H, MERS Milestone Report. The Loan was also transferred to Defendant AmeriHome Mortgage Company, Inc. ("AmeriHome"). *Id.*, ¶ 27, Exhibits I and J, Transfer Notice and Welcome E-Mail. Plaintiffs claim they later learned that Federal Home Loan Mortgage Corporation ("Freddie Mac") is the owner of the Loan and that Cenlar is subservicing.[3] *Id.*, ¶ 34, 36 and 38, Exhibit H. On February 15, 2023,

---

[1] The facts set forth in this statement of facts are taken from the Amended Complaint, which are accepted as true for the purposes of this motion.

[2] "[T]he MERS System® [is] a national electronic registry system for promissory notes associated with mortgages and secured by residential real estate. The MERS® System permits its members to transfer promissory notes associated with mortgages between and among its financial institution members. After a member-to-member transfer of a note, MERS remains the mortgagee and title holder of record as a "nominee" for the holder of the promissory note and its successors and assigns. Under this system, MERS facilitates operation of the secondary market for mortgages by enabling its members to transfer the right to repayment on the note associated with a mortgage to other members by recording the transfers only in the MERS database... As a result, county recording fees may be avoided by MERS Members." *MERSCORP, Inc. v. Delaware County*, 207 A.3d 855, 858 (Pa. 2019).

[3] Plaintiffs rely on several transfer dates from the MERS Milestone Report which are dates which MERS accepts or inputs the data but may be different from the effective date of the transfer. *See Ward v. Branch Banking & Tr. Co.*,

after the Loan went into default, MERS as nominee for Allied executed and recorded an assignment of mortgage to AmeriHome. *Id.*, Exhibit O.

On January 3, 2024, Plaintiffs initiated this action by filing an action to quiet title in Philadelphia County Court of Common Pleas. On June 17, 2024, Plaintiffs filed an Amended Complaint wherein they named Cenlar an additional defendant. Cenlar then removed the matter to this Court on federal question grounds. Cenlar now seeks dismissal for failure to state a claim.

## III.   ARGUMENT

### A.   Standard of Review

A complaint should be dismissed when it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) requires dismissal where a complaint lacks factual allegations sufficient to establish a proper and plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The "short and plain statement of the claim" requirement of Fed. R. Civ. P. 8(a)(2) is not satisfied by a complaint that amounts to an "unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal* at 678.

The Court must accept the plaintiff's factual allegations as true and construe all reasonable inferences in the light most favorable to the plaintiff. *See Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.*, 20 F.3d 1250, 1261 (3d Cir. 1994). The Court, however, "need not credit a complaint's bald assertions or legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

---

No. CV ELH-13-1968, 2016 WL 2930907, at *3 (D. Md. May 17, 2016). Further, MERS does not maintain its own records, rather it relies on other entities for information. *See Galvin v. EMC Mortg. Corp.*, 50 F. Supp. 3d 70, 76 (D.N.H. 2014).

A *pro se* plaintiff's pleadings must be considered deferentially, affording the benefit of the doubt where one exists. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013). Even though deference is given to a *pro se* plaintiff, the *pro se* plaintiff must allege facts necessary to make out the elements of each claim. *See id.* at 245; *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007)). A conclusory recitation of the elements of a cause of action is not sufficient. *Id.*

**B.     Plaintiffs' "general allegations" fail to state a claim.**

Plaintiffs fail to identify any of the elements of their claims. While disjointed, Plaintiffs first set forth "general allegations" against "Defendants" using buzzwords such as civil conspiracy, fraud by concealment, negligence and breach of fiduciary duty under the MLA. *See* Am. Compl., ¶ 42. Plaintiffs then allege that "Defendants" defrauded them by use of the MERS database to conceal the true identity of the entities that possess ownership rights, servicing rights and right to foreclose.

**1.     Plaintiffs fail to state a claim for civil conspiracy.**

Plaintiffs fail to identify the elements for civil conspiracy. "The essential elements of a claim for civil conspiracy are: (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage.... Proof of malice, or an intent to injure, is also an essential part of a cause of action for conspiracy." *Commonwealth v. TAP Pharma. Prods., Inc.*, 36 A.3d 1112, 1144 (Pa. Commw. Ct. 2011). None of these elements are plead. Plaintiffs do not allege why any of the actions of Defendants, including Cenlar, were unlawful. Plaintiffs fail to allege how Defendants acted with specific intent to injure Plaintiffs. *Id*. at 1185 (collecting cases) (malice requires proof that the conspirators took unlawful actions with the specific intent to injure the plaintiff, instead of simply furthering their own

4

interests through unlawful means). Nor do Plaintiffs identify any resulting legal damages.

Further, to the extent that Plaintiffs theorize that the MERS system is some kind of undefined civil conspiracy, the Supreme Court of Pennsylvania has rejected any such suggestion and confirmed the MERS system as valid. *See MERSCORP, Inc. v. Delaware County*, 652 Pa. 173, 192-193, 207 A.3d 855, 867 (2019); and *Montgomery County, Pa. v. MERSCORP, Inc.*, 795 F.3d 372 (3d. Cir. 2015) (holding that Pennsylvania recording statutes do *not* create a mandatory duty to record every conveyance but, rather provide instructions for "preserv[ing] the property holder's rights as against a subsequent bona fide purchaser"). As such, MERS is not required to record its members' assignments of promissory notes for which MERS was mortgagee and title holder as nominee for the note holder in county recording offices. *Id*.

Even so, the Mortgage at issue here, which Plaintiffs signed, clearly identifies MERS as the nominee for Allied, its successors and assigns. *Id.*, Exhibit F, Mortgage, P 2. Plaintiffs also admit they were notified that the loan was transferred to AmeriHome. *Id.*, ¶ 28, Exhibit I. When Plaintiffs asked AmeriHome to identify the holder of the Mortgage, Plaintiffs admit that Freddie Mac was identified as the owner and a "MIN Summary," or MERS Milestone Report was provided. *Id.*, ¶ 36, Exhibit H. Thus, Plaintiffs' civil conspiracy claim should be dismissed with prejudice.

### 2.  Plaintiffs fail to state a claim for fraud.

Plaintiffs likewise fail to plead any of the elements for fraud by concealment. To prove fraud, plaintiffs must demonstrate (1) a misrepresentation, (2) material to the transaction, (3) made falsely, (4) with the intent of misleading another to rely on it, (5) justifiable reliance resulted, and (6) injury was proximately caused by the reliance. *See Santana Products, Inc. v. Bobrick Washroom Equip, Inc.*, 401 F.3d 123, 136 (3d Cir. 2005). Moreover, the specificity requirements of Rule 9(b) apply to claims of common law fraud. *See U.S. ex rel. Lacorte v. SmithKline Beecham*

*Clinical Laboratories, Inc.*, 149 F.3d 227, 234 (3d Cir. 1998) ("[9(b)] requires plaintiffs to plead fraud with particularity, specifying the time, place and substance of the defendant's alleged conduct."). Plaintiffs have failed to identify any of the six elements of fraud, let alone with the required specificity. The Amended Complaint fails to allege that Cenlar made any misrepresentation to Plaintiffs and fails to specify how any such misrepresentation was material. Plaintiffs have likewise failed to plead justifiable reliance or injury caused by that alleged reliance. It is insufficient for Plaintiffs to assert fraud without providing specific supporting facts. Thus, Plaintiffs fraud claim should be dismissed with prejudice.

### 3. Plaintiffs fail to state a claim for negligence.

Plaintiffs fail to allege the elements of negligence which is barred by the economic loss doctrine in any event. To bring a successful negligence claim, Plaintiffs must establish four elements: "(1) the defendant owed the plaintiff a duty; (2) the defendant breached the duty; (3) the plaintiff suffered actual harm; and (4) a causal relationship existed between the breach of duty and the harm." *Adams v. Wells Fargo Bank, N.A.*, No. 16-0907, 2017 WL 6619015, at *2 (E.D. Pa. Dec. 17, 2017). Plaintiffs fail to identify what duty Cenlar owed to them, how it was breached, what harm they suffered or how any purported harm is causally connection to the breach. *See* Am. Cmplt, ¶ 42. Nor do Plaintiffs cite to any authority to support their contention. *Id*. As a result, Plaintiffs have failed to present a plausible prima facie negligence claim.

Further, Plaintiffs' negligence claim is barred by the economic loss doctrine. That doctrine provides that "no cause of action exists for negligence that results solely in economic damages unaccompanied by physical injury or property damage." *Siwoniku v. Fed. Nat'l Mortg. Ass'n*, No. CV 17-3949, 2019 WL 4261155, at *3 (E.D. Pa. Sept. 6, 2019)(citation omitted). Plaintiffs have failed to identify any damage, let alone any physical injury or property damage. Thus, Plaintiffs' negligence claim should be dismissed with prejudice.

### 4.  Plaintiffs fail to state a claim for breach of fiduciary duty.

Plaintiffs also fail to plead the elements of breach of fiduciary duty. To establish a breach of fiduciary duty under Pennsylvania law, a plaintiff must not only allege the existence of a fiduciary duty, but also "(1) that the defendant negligently or intentionally failed to act in good faith and solely for the benefit of plaintiff in all matters for which he or she was employed; (2) that the plaintiff suffered injury; and (3) that the agent's failure to act solely for the plaintiff's benefit ... was a real factor in bring[ing] about plaintiff's injuries." *Dinger v. Allfirst Fin., Inc.*, 82 Fed.Appx. 261, 265 (3d Cir. 2003). The fundamental element to establish a breach of a fiduciary duty is the existence of fiduciary relationship between both parties. *Baker v. Family Credit Counseling Corp.*, 440 F.Supp.2d 392, 414–15 (E.D. Pa. 2006). A claimant cannot recover if they are unable to prove a fiduciary duty exists between the parties. *Id.* Pennsylvania law does not recognize the existence of a fiduciary relationship between a mortgagee and a mortgagor. *See, e.g., Conquet v. WMC Mortgage Corp.*, 247 F.Supp.3d 618, 634 (2017) (dismissing claim for breach of fiduciary duty); *Schnell v. Bank of New York Mellon*, 828 F.Supp.2d 798, 806 (E.D. Pa. 2011) (citing *Fed. Land Bank v. Fetner*, 269 Pa. Super. 455, 410 A.2d 344 (1979); and *Caplen v. Sec. Nat'l Servicing Corp.*, 514 F.Supp.2d 746, 752 (E.D. Pa. 2007). Plaintiffs do not, as they cannot, allege that a fiduciary relationship exists between Plaintiffs and Cenlar. They are but mortgagor and subservicer. There is no special relationship identified. Accordingly, Plaintiffs have failed to allege a fiduciary relationship with Cenlar.

**5.   There is no private cause of action under the MLA.**

Finally, mortgagors cannot bring a claim that a mortgagee violated the MLA. Violations of the MLA can only be pursued by the Pennsylvania Department of Banking.[4] *See* 7 P.S. § 6116; *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x 138, 142 (3d Cir. 2014). Thus, Plaintiffs' claim for violation of the MLA fails.

For these reasons, Plaintiffs' "general allegations" including claims for civil conspiracy, fraud by concealment, negligence and breach of fiduciary duty under the MLA should be dismissed with prejudice.

**C.   Plaintiffs fail to state a claim under RESPA.**

Plaintiffs fail to identify which provision of RESPA Cenlar allegedly violated. RESPA was enacted as a consumer protection statute and it was designed to give home-buyers access to more information about their home mortgages so that they may protect themselves from any fraudulent or deceptive practices by their mortgage loan servicers. *See Wotanis v. PNC Bank, N.A.*, No. 3:19-CV-00588, 2019 WL 4054880, at *3 (M.D. Pa. Aug. 28, 2019). "While its primary purpose was to protect home buyers from 'material nondisclosures in settlement statements,' RESPA, by its terms, applies to 'the servicing' of any 'federally related mortgage loan.'" *Id*.

Plaintiffs claim that Cenlar violated "12 CFR Part 1024 (Regulation X)" when it began subservicing the Loan without notice.[5] *See Am. Cmplt*. ¶ 49. Plaintiffs broadly alleged RESPA claim is inadequately pled as Plaintiffs fail to identify which section of Regulation X Cenlar allegedly violated. Accordingly, Plaintiffs' claim for violation of RESPA must be dismissed. *See*

---

[4] Under the Mortgage Licensing Act, 7 Pa.C.S.A. § 6101, et seq. ("MLA") one may not engage in the mortgage loan business in Pennsylvania unless licensed as a mortgage broker, mortgage lender, mortgage servicer or mortgage originator.

[5] Regulation X is a Consumer Financial Protection Bureau regulation implemented under RESPA. *See* 12 C.F.R. § 1024.1.

*Conquest v. WMC Mortg. Corp.*, 247 F. Supp. 3d 618, 649 (E.D. Pa. 2017) (granting motion to dismiss claims including RESPA). Additionally, Plaintiffs fail to allege facts to show any RESPA violation plausibly caused any damages. *Guzman v. Nationstar Mortg. LLC*, No. 18CV2531-WQH-RBB, 2019 WL 2436456, at *10 (S.D. Cal. June 11, 2019).

For these reasons, Plaintiffs' RESPA claim must be dismissed with prejudice.

**D.    Plaintiffs' claim for declaratory judgment and specific performance fails.**

Although not plead in a separate count, Plaintiffs' demand that the Court void the note and mortgage, which has no basis in fact or law. *See* Am. Cmplt., Ad Damnum Clause. In Pennsylvania, a quiet title action "may be brought ... to compel an adverse party to ... record ... any document, obligation, or deed affecting any right, lien, title, or interest in land." Pa. R. Civ. P. 1061(b)(3). Yet, Plaintiffs provide no basis for why the mortgage should be voided based on use of the MERS platform or alleged notification violations. Thus, there is no basis for the quiet title claim. *See Jobe v. Argent Mortg. Co., LLC*, 373 F. App'x 260, 262 (3d Cir. 2010) (mortgagors could not validly rescind mortgage, and thus lacked basis to quiet title under Pennsylvania law). For this reason, the Plaintiffs' claim for declaratory judgment and specific performance should be dismissed.

**E.    Plaintiffs should not be granted leave to amend because amendment would be futile.**

Finally, further amendment of the Amended Complaint would be futile because Plaintiffs simply cannot state any claim for which relief may be granted, no matter how liberally the Court might construe their allegations. Again, Plaintiffs simply complain about the use of the MERS platform and allege notification violations. These do not amount to any recognizable claims. The Court should therefore deny Plaintiffs leave to amend. *Maiden Creek Assocs., L.P. v. U.S. Dep't*

*of Transp.*, 823 F.3d 184, 189 (3d Cir. 2016) (affirming district court's dismissal with prejudice and denial of leave to amend complaint where amendment would have been futile).

Plaintiffs' pro se status does not alter this analysis; the Third Circuit has made clear that where it would be futile for a pro se plaintiff to amend, leave to amend should be denied. *Hollis-Arrington v. PHH Mortg. Corp.*, 205 Fed. App'x 48, 55 (3d. Cir. 2006) (affirming denial of pro se plaintiff's motion to amend complaint against mortgage servicer and others due to futility). The same is true in this case, and the Court should dismiss all of Plaintiffs' claims with prejudice.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Cenlar respectfully requests the Court enter an Order (i) granting its Motion to Dismiss Plaintiffs' Amended Complaint with prejudice and (ii) granting Cenlar such other and further relief as is just, proper, and equitable.

Respectfully submitted,

Dated: September 6, 2024

**STRADLEY RONON STEVENS & YOUNG LLP**

*s/ Michelle H. Badolato*
Joe N. Nguyen, Esq.
2005 Market Street, Suite 2600
Philadelphia, PA 19103
T: (215) 564-8000
jnguyen@stradley.com

and

Michelle H. Badolato
457 Haddonfield Road, Suite 100
Cherry Hill, NJ 08002
T:  (856) 321-2400
mbadolato@stradley.com

*Attorneys for Defendant, Cenlar FSB*