IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL BENSON,<br><br>*Plaintiff,*<br><br>v.<br><br>**AMERIHOME MORTGAGE CO., LLC** et al.,<br><br>*Defendants*. | Case No. 2:24-cv-03467-JDW |

### MEMORANDUM

Paul Benson disagrees with my decision to dismiss his claims in this case, but he hasn't shown a basis for me to reconsider my ruling. Nor has he shown any reason to give him yet another bite at the apple to amend his Complaint.

**I.    BACKGROUND**

Mr. Benson filed this case in Pennsylvania state court as a quiet title action. On June 17, 2024, he filed an amended complaint in state court that asserted new claims (including under federal law) and named new defendants, including Wells Fargo Bank, N.A. One of those defendants, Cenlar FSB, removed the case to this Court on July 30, 2024. I dismissed the claims against Wells Fargo without prejudice because it did not appear that Mr. Benson had served it.

The remaining defendants moved to dismiss the claims against them. On January 10, 2025, I dismissed Mr. Benson's claims for breach of fiduciary duty and violation of Pennsylvania's Mortgage Licensing Act with prejudice and the remaining claims without prejudice. On March 6, 2025, I vacated my Order dismissing the claims against Wells Fargo. On April 2, 2025, Wells Fargo moved to dismiss the claims against it. On April 5, Mr. Benson filed a motion for leave to file a second amended complaint ("SAC") to assert common law claims, a claim for violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605, violation of the Truth In Lending Act, violation of the Pennsylvania Unfair Trade Practices And Consumer Protection Law, 73 P.S. § 201-1.

On June 24, 2025, I dismissed Mr. Benson's federal claims against Wells Fargo with prejudice and declined to decide his state law claims against Wells Fargo. I also denied his motion for leave to file his SAC because I concluded that his federal claims were futile and that I would decline to exercise supplemental jurisdiction over his state law claims. At the time, I gave the Parties an opportunity to submit briefs as to whether I should remand the case to state court. Defendants submitted a brief explaining that any claims against Freddie Mac were subject to original jurisdiction under 12 U.S.C. § 1452(f). As a result, on August 12, 2025, I reconsidered my decision not to address the state law claims. I dismissed the state law claims against Wells Fargo, determined the remaining state law claims were futile, and therefore dismissed the case with prejudice.

On August 26, 2025, Mr. Benson moved for reconsideration of my decision. On September 4, 2025, Mr. Benson filed a notice of appeal.[1]

## II.    LEGAL STANDARD

A court may reconsider a prior ruling only if the moving party shows (a) an intervening change in the controlling law, (b) the availability of new evidence that was not available when the court issued its order, or (c) the need to correct a clear error of law or fact or to prevent manifest injustice. *See Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Motions for reconsideration "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quotation omitted); *see also Max's Seafood v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (same standard for motions under Fed. R. Civ. P. 59(e)).

---

[1] Ordinarily, the filing of a notice of appeal is an event of jurisdictional significance that divests a district court of jurisdiction over a case. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (*per curium*). However, Federal Rule of Appellate Procedure 4(a)(4)(A)(iv) provides that the time to appeal does not run if a party files a motion to reconsider pursuant to Fed. R. Civ. P. 59(e), as Mr. Benson has done. And, under Rule 4(a)(4)(B), the notice of appeal does not become effective until the district court rules on the reconsideration motion.

### III.   ANALYSIS

#### A.   Claimed Errors

##### 1.   Jurisdiction

I resolved Mr. Benson's claims against Freddie Mac because I have original jurisdiction over those claims. I resolved the rest of the claims because they overlapped with the Freddie Mac claims for two reasons. First, they overlap factually with the claims against Freddie Mac. Having already done much of the analysis, it made sense from an efficiency standpoint. Second, I recognized the possibility that if I remanded the case to state court, Mr. Benson might seek to amend his complaint to assert new claims against Freddie Mac, and the case would then have come back to this Court. Obviously, that would have been inefficient. I therefore elected to exercise supplemental jurisdiction over the remaining claims.

Mr. Benson complains that I should have refrained from deciding those cases and remanded the case to state court. He's wrong. A "district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) . I therefore even had discretion to resolve all of Mr. Benson's claims, even though he now says he would have dropped his claims against Freddie Mac to avoid that outcome.

### 2. Scope of decision

When I dismissed Mr. Benson's claims, I did so with prejudice, which means *res judicata* applies. The "doctrine of res judicata bars not only claims that were brought in a previous action, but also claims that could have been brought." *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008). Mr. Benson argues that he should still have the ability to bring claims based on newly discovered evidence. That's a problem for a future day, though. If Mr. Benson learns information after my dismissal that he didn't know—or couldn't have known—during the pendency of this case, then he can try to make the case that *res judicata* doesn't bar his claim. But that's a narrow set of circumstances.

### 3. Plausibility analysis

Mr. Benson criticizes my analysis of the plausibility of the claims he sought to assert in his SAC, but none of his criticisms has merit.

*First*, Mr. Benson complains that I conducted no analysis of his specific claims against Cenlar. But the only claim that he proposed to assert against Cenlar in the SAC is a claim for civil conspiracy, and I analyzed those claims in depth.

*Second*, Mr. Benson complains that I didn't analyze his claims under RESPA. I analyzed those claims when I first ruled on Mr. Benson's proposed SAC. I conclude that, despite multiple attempts, Mr. Benson had not provided the required detail to state a claim under RESPA. (ECF No. 104 at 7-8.) I didn't have to say that again when I reconsidered for the analysis to remain effective.

*Third*, Mr. Benson complains that I should have permitted him to assert a claim under the UTPCPL. Both of his arguments are wrong. He argues that the statute applies to real estate transactions, but that's not the basis on which I concluded that claim is futile. I made that determination because Mr. Benson didn't plead the elements of a claim. In any event, the case that Mr. Benson cites demonstrates that it applies to **consumer** real estate transactions, not investment transactions like the one in which Mr. Benson engaged. *See Grabriel v. O'Hara*, 534 A.2d 488, 492 (Pa. Super. Ct. 1987). He also challenges my analysis that a lender's use of an NMLS number could constitute a representation about licensure under the MLA. But nothing in his Motion suggests I made a legal error or otherwise offers a basis for reconsideration.

*Fourth*, and finally, Mr. Benson complains that I made a factual determination about the assignment of his mortgage. But I didn't resolve anything. All I did was review the exhibits attached to the SAC and conclude that they contradicted Mr. Benson's claims. Although I normally have to accept allegations in a complaint as true, I do not have to accept as true allegations that an exhibit contradicts. *See Sheppard v. Conway*, Civ. A. No. 15-1589, 2016 WL 1728822, at * 2 (Feb. 17, 2016). Thus, I did not engage in improper fact-finding. I resolved a disparity between an exhibit and Mr. Benson's allegations, as the law permits me to do.

### B. Amendment

In his Motion, Mr. Benson asks for leave to file an amended complaint, He's already had multiple tries at amendment, both here and in state court. There's no reason to let him prolong this litigation and keep filing. Nor does the law require it. To the contrary, if a "court determines that plaintiff has had multiple opportunities to state a claim but has failed to do so, leave to amend may be denied." *Spiker v. Allegheny Cty. Bd. Of Probation and Parole*, 920 F. Supp.2d 580, 592 (W.D. Pa. 2013 (quoting 6 Charles A. Wright, et al., Federal Practice and Procedure § 1487 (2d ed. 2010)). Therefore, there was no reason to grant him leave to amend when I dismissed the case, nor is there a reason for me to do so now.

## IV. CONCLUSION

Mr. Benson has not shown an error of law or fact or a miscarriage of justice. He therefore has not shown a basis for me to reconsider my decision. An appropriate Order follows.[2]

**BY THE COURT**:

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

---

[2] On September 9, 2025, Wells Fargo filed its opposition to Mr. Benson's motion for reconsideration. (*See* ECF No. 116.) Because I did not invite a response to that motion pursuant to Section II.B.8 of my Policies and Procedures, I have not considered Wells Fargo's opposition in reaching my decision.